IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NNAEMEKA KINGSLEY OKAFOR,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-3488 |
| **ALDO SHOP,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Nnaemeka Kingsley Okafor went to the mall to buy a pair of shoes. While checking out at the Aldo Shop ("Aldo"), a store associate told him that his debit card transaction did not go through. After removing one of the items he previously had planned to purchase, thereby reducing the amount he had to pay, Okafor tried his credit card. This transaction took. But when Okafor checked his bank account, he realized he was charged for the larger debit card transaction as well. He asked his bank, a division of Capital One, N.A. ("Capital One"), to refund the money, but Capital One adjudicated his claim for the debit card transaction amount as "dishonest."[1] Okafor appealed to Aldo, but the store only would refund his credit card transaction for the lower amount. Okafor filed suit in state court against Aldo and Capital One and served Capital One. Capital One removed the case to this Court and then moved to dismiss the claims against it. For the following reasons, the Court grants Capital One's motion, dismisses Okafor's claims against Capital One without prejudice, and instructs Okafor to serve Aldo properly.

---

[1] Capital One notes that it was incorrectly sued as "Capital One Bank." ECF 1, at 1. The Clerk shall update the docket to list the defendant as Capital One, N.A.

I.      **Background**

These are the facts as Okafor alleges them. On April 8, 2024, Okafor went to Aldo at the mall in Columbia, Maryland to purchase a pair of shoes. *See* ECF 5, at 1, 9. After selecting a pair, he went to check out at the register and swiped his Capital One debit card for the purchase total: $168.95. *Id.* at 1–2. A store associate informed Okafor that the transaction did not go through the computer system and asked Okafor to use a different system. *Id.* at 2. Okafor decided to remove one of the items he was purchasing, lowering his total to $156.86, and to use his Capital One credit card to complete the purchase. *Id.* His credit card transaction went through. *Id.* Okafor immediately checked his bank account and discovered that he was indeed charged for the debit card transaction of $168.95. *Id.* He alerted the store associate, and she told him to contact his bank if the $168.95 was not back in his account within 24 to 72 hours. *Id.* at 2–3.

"After some days thereafter," Okafor called Capital One's customer service line about the charge. *Id.* at 3. On April 10, 2024, Capital One gave him a provisional credit of $168.95 and told Okafor that they would investigate the matter. *Id.* "Some days later," Capital One emailed Okafor and let him know that Aldo confirmed the transaction was successful and that the merchandise was delivered. *Id.* On May 10, 2024, the bank removed the provisional credit, characterizing it as a dishonest claim. *Id.*

Okafor asked Aldo to clarify the issue with Capital One and to "clear [his] name off the so-called dishonest claim." *Id.* at 3–4. Aldo admitted that Okafor's claim was legitimate but refused to reach out to Capital One. *See id.* Instead, on July 23, 2024, Aldo refunded Okafor the sum charged to his Capital One credit card—$156.86—but not the amount from his debit card transaction—$168.95. *Id.* at 4, 7.

On August 22, 2024, Okafor sued Aldo and Capital One in the Circuit Court for Prince George's County for "Defamation of Character" and "Dishonest and Fraudulent Business transaction," seeking $100,000 in damages. *See* ECF 5, at 1. Okafor attempted to have Aldo served by the Howard County Sheriff's Department at Aldo's store location in the Columbia, Maryland mall. *See* Sheriff's Return, Sept. 30, 2024, *Okafor v. Aldo Shop*, No. C-16-CV-24-003918 (Prince George's Cnty. Cir. Ct. Oct. 16, 2024) ("Sheriff's Return").[2] The store refused service and "[a]dvised [the serving sheriff] to take to corporate." *Id.* at 1. Capital One removed the case to this Court based on diversity jurisdiction. ECF 1. On December 9, 2024, Capital One moved to dismiss Okafor's complaint with prejudice for failure to state a claim. ECF 9 & 9-1. Okafor opposed the motion, ECF 14, and Capital One replied, ECF 18. Okafor moved to file a surreply. ECF 21 & 21-1.[3]

---

[2] The Court takes judicial notice of the Sheriff's Return filed in the Circuit Court for Prince George's County and the state court docket on the Maryland Judiciary Case Search website. *See* Fed. R. Evid. 201(b)(2); *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013).

[3] "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.2(a). Surreplies are "generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015). "A surreply may be permitted when the party seeking to file the surreply 'would be unable to contest matters presented to the court for the first time' in the opposing party's reply," but "a surreply is not generally permitted where the reply is merely responsive to an issue raised in the opposition." *Courtney-Pope v. Bd. of Educ. of Carroll Cnty.*, 304 F. Supp. 3d 480, 485 (D. Md. 2018) (quoting *Clear Channel Outdoor, Inc. v. Mayor of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014)); *see also Freeman*, 961 F. Supp. 2d at 801 (holding that plaintiff was not entitled to file a surreply when the defendant's reply brief raised no new arguments requiring an additional response). Okafor's proposed surreply does not contest matters presented for the first time in Capital One's reply, which is "merely responsive to . . . issue[s] raised in the opposition." *See Courtney-Pope*, 304 F. Supp. 3d at 485. The motion for leave to file a surreply is denied. Even if the Court granted Okafor's motion to file a surreply, or liberally construed the motion as a motion to amend Okafor's complaint to include allegations contained in the proposed surreply, consideration of those allegations would not change the outcome in this case as they would not fully cure the deficiencies in Okafor's pleading.

A hearing is not necessary. Loc. R. 105.6 (D. Md. 2023).[4]

## II.   Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). The Court may consider the pleadings and documents attached to the complaint, as well as judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel.*

---

[4] Okafor also asked the Court to set a trial date. ECF 23. Because the Court is dismissing Okafor's claims against Capital One, and the only remaining defendant has not been properly served, it would be premature for the Court to schedule a trial at this time.

*Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"*[P]ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III. Discussion

Okafor styles his complaint as one for "Defamation of character." ECF 5, at 1. He states that he is "suing Aldo Shop . . . and Capital One . . . for Defamation of Character [and] Dishonest and Fraudulent Business transaction." *Id.* The Court liberally construes Okafor's complaint as

5

raising claims for defamation and fraud under Maryland law.[5] Capital One has moved to dismiss both claims.

### A. Fraud Claim Against Capital One

Under Maryland law, the elements of a fraud claim are

(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Md. Env't Tr. v. Gaynor*, 803 A.2d 512, 516 (Md. 2002) (quoting *VF Corp. v. Wrexham Aviation*, 715 A.2d 188, 193 (Md. 1998)). "Under [Federal Rule of Civil Procedure] 9(b), an allegation of fraud must 'state with particularity the circumstances constituting fraud or mistake,' though 'intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 106 n.9 (4th Cir. 2025) (quoting Fed. R. Civ. P. 9(b)). "To satisfy Rule 9(b)'s heightened pleading standard, a plaintiff must allege facts establishing the 'who, what, when, where, and how' of the claimed fraud." *In re Mun. Mortg. & Equity, LLC, Sec. & Derivative Litig.*, 876 F. Supp. 2d 616, 625 (D. Md. 2012) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

---

[5] "Dishonest and Fraudulent Business transaction" is not a distinct cause of action under Maryland law. Okafor may be attempting to state a claim for unfair or deceptive trade practices under the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 *et seq.* If so, this claim against Capital One would fail. "[I]n order to articulate a cognizable injury under the [MCPA]," a consumer "must have suffered an identifiable loss, measured by the amount the consumer spent or lost *as a result of his or her reliance* on the sellers' misrepresentation." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007) (emphasis added). Just as, for reasons explained below, Okafor fails to allege the reliance element of fraud, he fails to allege the reliance element of a potential MCPA claim.

Okafor has not stated a fraud claim against Capital One for three reasons: he has not alleged that Capital One made a false representation to him, he has not alleged that Capital One intended to defraud him, and he has not alleged that he relied on a false representation to his detriment.

The Court begins with the false representation requirement. In his pleadings, Okafor alleges Capital One told him in an email that Aldo confirmed the disputed debit card transaction was successful and the merchandise was delivered. That, without more, is not a false statement. In his opposition, Okafor tries to augment this allegation with facts not contained in his complaint. In briefing, Okafor claims that Aldo denied ever discussing the transaction with Capital One or confirming delivery of merchandise. *See* ECF 14, at 1. Okafor cannot amend his pleadings through his opposition briefing. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). If Okafor were granted leave to amend his pleadings to add those allegations, Okafor could plausibly allege that Capital One made a false representation to him that the bank communicated with Aldo regarding the disputed transaction and the delivery of merchandise.

Even if Okafor could allege a false statement, Okafor still has not stated a fraud claim because he has not adequately alleged that Capital One made the alleged false statement with the intent to defraud him. "[R]ecovery in a tort action for fraud or deceit in Maryland is based upon a defendant's deliberate intent to deceive." *VF Corp.*, 715 A.2d at 193 (quoting *Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1124 (Md. 1995)). To be fraudulent, Capital One's false statement must have been "made for the purpose of defrauding" Okafor. *See Md. Env't Tr.*, 803 A.2d at 516. Okafar does not allege that Capital One intended to defraud him when it represented that it had

spoken with Aldo about the transaction. Without any allegations that Capital One intended to defraud him, Okafor has not stated a fraud claim.[6]

Okafor's fraud claim fails for another reason: He has not alleged any facts from which the Court can plausibly infer that he relied on a misrepresentation by Capital One and suffered a resulting loss. "Reliance at its core is the action or inaction of a party that results from the misrepresentation of another." *White v. Kennedy Krieger Inst., Inc.*, 110 A.3d 724, 744 (Md. Ct. Spec. App. 2015) (citing *Nails v. S & R, Inc.*, 639 A.2d 660, 669 (Md. 1994)). "The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss suffered by one who justifiably relies upon the truth of the matter misrepresented, if his reliance is a substantial factor in determining the course of conduct that results in his loss." *Nails*, 639 A.2d at 669 (quoting Restatement (Second) of Torts § 546 (1977)). "Reasonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, and such reliance must be pleaded with particularity." *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987) (citation omitted) (first citing *Call Carl, Inc. v. BP Oil Corp.*, 554 F.2d 623, 629 (4th Cir. 1977); and then citing Fed. R. Civ. P. 9(b)). Okafor simply does not allege that he took any action in reliance on Capital One's purported misrepresentation about communicating with Aldo that caused him to suffer loss. Merely reaching out to Aldo to discuss the transaction and the store's communication with Capital One is not loss caused by Capital One's alleged

---

[6] In Okafor's proposed surreply, he states that he "strongly suspect[s] dishonesty, lack of transparency and irresponsibility[, and] above all deliberate act of obstruction of Justice and Fairness on the sides of both [defendants]." ECF 21-1, ¶ 4. Even if the Court considered Okafor's surreply and found these strong suspicions sufficient to plead intent, Okafor still fails to state a fraud claim because he has not alleged that he relied on Capital One's misrepresentation. Moreover, if Okafor is attempting to allege obstruction of justice, he cannot. "[T]here is no civil cause of action in Maryland for obstruction of justice." *Livingston v. Jones*, No. 219, Sept. Term 2018, 2019 WL 2152924, at *2 (Md. Ct. Spec. App. May 16, 2019).

misrepresentation. Nor is Okafor's appeal to Aldo to "clear [his] name" of the "so-called dishonest claim." ECF 5, at 3–4. Thus, even if Okafor had alleged a misrepresentation and fraudulent intent, he has not alleged that he detrimentally relied on a misrepresentation such that his reliance was a "substantial factor in determining the course of conduct that result[ed] in his loss." *See Nails*, 639 A.2d at 669. Okafor has not stated a fraud claim against Capital One.

### B. Defamation Claim Against Capital One

To state a defamation claim under Maryland law, Okafor must allege: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (quoting *Indep. Newspapers, Inc. v. Brodie*, 966 A.2d 432, 448 (Md. 2009)). "[A] 'defamatory statement' is one that tends to expose a person to 'public scorn, hatred, contempt, or ridicule,' which, as a consequence, discourages 'others in the community from having a good opinion of, or associating with, that person.'" *Id.* (quoting *Indep. Newspapers, Inc.*, 966 A.2d at 448).

Okafor does not allege that Capital One made *any* statement concerning Okafor to a third party, let alone a defamatory statement. While Okafor alleges that Capital One deemed his claim for $168.95 "dishonest," Okafor does not allege that this statement ever was communicated to a third party. Okafor's allegations against Capital One are insufficient to state a defamation claim.

Okafor's claims against Capital One are dismissed without prejudice.

### C. Service on Aldo

Okafor has not served Aldo. According to Okafor's proposed surreply, Deputy E. Thomas of the Howard County Sheriff's Department served Aldo on September 30, 2024, and Aldo "refused to take the Summons." *See* ECF 21-1, ¶ 3. That is not service. Further, the state court

docket reveals that this September 30, 2024 encounter was merely an attempt to serve Aldo and that service was deficient. *See* State Ct. Docket, *Okafor v. Aldo Shop*, No. C-16-CV-24-003918, Entry, Oct. 16, 2024 (describing "[n]on [s]erved [s]ummons upon Aldo Shop").[7] The service return shows that service must be on the corporation. *See* Sheriff's Return 1 (store refused service and "[a]dvised [the serving sheriff] to take to corporate").

Service of process on corporations and associations may be made pursuant to Federal Rule of Civil Procedure 4(h). The summons and complaint are generally served on the resident agent, president, secretary, or treasurer. *See* Maryland Rule 2-124(d). The plaintiff may contact the office of the State Department of Assessments and Taxation at (410) 767-1330 or visit the website at https://egov.maryland.gov/BusinessExpress/EntitySearch to obtain the name and service address for the resident agent of a corporate defendant. To effect service, Okafor must present a proposed summons to the Clerk of this Court for signature and seal and then, after receiving the signed and sealed summons from the Clerk, serve a copy of the summons and complaint on Aldo. The proposed summons for Aldo must list the corporate defendant's registered agent or other individual designated for service.

Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Free public access to the Maryland Rules is also available through the Maryland State Law Library's website at: https://mdcourts.gov/lawlib/research/gateway-to-md-law/code-rules-laws-sources.

Pursuant to Federal Rule of Civil Procedure 4(c)(2), service of a summons and complaint may be effected by any person who is not a party and who is at least 18 years of age. Under Federal

---

[7] Okafor's statement in his opposition to Capital One's motion to dismiss that "Aldo Shop has called me over the phone to confirm that they have been duly served in accordance with the Law" does not establish that Aldo has been properly served. *See* ECF 14, at 1. Nor do the initial and re-issued summons and blank sheriff's return attached to his opposition. *See* ECF 14-1, at 1–5.

10

Rule of Civil Procedure 4(*l*), the person effecting service of the summons and complaint must promptly notify the Court,[8] through an affidavit, that they have served the defendant.

If there is no record that service was effectuated on Aldo, Okafor risks dismissal of his claims against the defendant. Okafor is granted 14 days from the date of the Order accompanying this memorandum opinion to provide the Clerk with a proposed summons for Aldo. Once the Clerk issues the summons for Aldo, Okafor has 30 days from the date the summons is issued to serve Aldo with the summons and his complaint. If Okafor does not meet these deadlines, the claims against Aldo will be dismissed without further notice and without prejudice.

## IV.   Conclusion

For the foregoing reasons, Capital One's motion to dismiss is granted. The Court dismisses the claims against Capital One without prejudice. Okafor's motion for leave to file a surreply is denied. Okafor must properly serve Aldo or risk dismissal of his remaining claims without prejudice. A separate Order follows.

Date: June 24, 2025

Deborah L. Boardman
United States District Judge

---

[8] If the plaintiff does not use a private process server, and instead uses certified mail, restricted delivery, return receipt requested, to make service, the plaintiff must file the U.S. Post Office acknowledgment with the Clerk as proof of service showing who received service and when it was received.